UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLE KENNEDY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, San Quentin State Prison,<br><br>    Respondent. | No.  2:13-cv-02041 LKK KJN DP<br><br>DEATH PENALTY CASE<br><br><br>FINDINGS & RECOMMENDATIONS |

    Petitioner is a state prisoner under sentence of death.  Based on the four-month delay in appointing federal habeas counsel, petitioner moves for equitable tolling of the one-year statute of limitations for filing his federal habeas corpus petition. (ECF No. 14.)   For the reasons set forth below, this court finds petitioner should be entitled to equitable tolling and recommends granting petitioner's motion.

BACKGROUND

    In 1993, a jury convicted petitioner of first degree murder and robbery and sentenced him to death.  People v. Kennedy, 36 Cal. 4th 595, 602 (2005).  On July 25, 2005, the California Supreme Court affirmed petitioner's conviction and sentence on appeal.  Id.  On October 12, 2005, the California Supreme Court denied a petition for rehearing.  On April 17, 2006, the United States Supreme Court denied petitioner's certiorari petition.  Kennedy v. California, 547 U.S. 1076.

1    On June 29, 2005, during the pendency of petitioner's state appeal, the California Supreme Court appointed Judd Iversen as habeas/clemency counsel for petitioner and, as reflected in a later order amending the June 29 order, stated that a state habeas petition would be presumed timely if filed within 36 months. (See Docket for People v. Kennedy, No. S037195 (ECF No. 19-2), entries of June 29, 2005 and Dec. 16, 2005.[1]) On November 4, 2005, petitioner filed a nine-page petition for writ of habeas corpus with the California Supreme Court. (Id.) When that petition was submitted, the Clerk of the California Supreme Court filed it, docketed it as "Petition for writ of habeas corpus," and opened a new case, No. S138625. (In re Jerry Noble Kennedy, No. S138625.[2]) On June 30, 2008, petitioner filed a 589-page "Amended petition for writ of habeas corpus" in case no. S138625. (Id.) The state filed a 280-page informal response in February 2009 and petitioner filed a 188-page reply in June 2010. The California Supreme Court denied that petition summarily on September 18, 2013. Id. The court's one-paragraph order states that each claim was denied on the merits and several were also denied on procedural grounds. None were denied as untimely.

On October 1, 2013, petitioner initiated these federal proceedings by filing motions to appoint counsel and enter a stay of execution. (ECF No. 1.) On October 4, the court granted the motion to appoint counsel and referred the case to the Eastern District's Selection Board for a recommendation of counsel. (ECF No. 8.) Over four months later, on February 14, 2014, based on the recommendation of the Selection Board, the court appointed Mr. Ellis and Mr. Clough to represent petitioner in these proceedings. (ECF No. 9.) On March 4, petitioner filed the present motion for equitable tolling. (ECF No. 14.) Respondent opposes the motion. (ECF No. 19.)

////

---

[1] The California Supreme Court originally appointed attorney Michael C. Ciraolo to represent petitioner in state habeas proceedings. (ECF No. 19-2, docket entry of June 22, 1998.) On March 7, 2002, Mr. Ciraolo moved to withdraw. On May 1, 2002, the California Supreme Court granted that motion, vacated its order appointing Mr. Ciraolo, and appointed Michael Millman as interim habeas counsel.

[2] Neither party provided the court with the docket for case no. S138625. It is available at http://appellatecases.courtinfo.ca.gov/.

## DISCUSSION

Petitioner seeks a pre-petition determination that he is entitled to an additional four months to file his federal petition based on the more than four-month period between the date he filed the motion for appointment of counsel and the date the court appointed counsel. Petitioner's argument is premised on the assumption that the statute of limitations was statutorily tolled during the pendency of petitioner's state habeas proceeding. Respondent objects to this premise and objects as well to any equitable tolling.

Petitioner's direct review proceedings were final on April 17, 2006, the date the United States Supreme Court denied certiorari. 28 U.S.C. § 2244(d)(1)(A); see Holland v. Florida, 560 U.S. 631, 635 (2010). On the next day, April 18, 2006, the one-year statute of limitations for filing a federal habeas corpus petition, created in 1996 by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), commenced. See id. Absent tolling, petitioner's federal habeas corpus petition was due April 17, 2007.

I.   Statutory Tolling

AEDPA's statute of limitations may be tolled "for the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's motion for equitable tolling assumes he is entitled to this statutory tolling from the day he filed his first state habeas petition on November 4, 2005, through the day the California Supreme Court denied him habeas relief on September 18, 2013. Based on this assumption, the statute of limitations for petitioner's federal habeas petition will expire on September 17, 2014. Respondent argues statutory tolling is inapplicable because petitioner's initial state habeas petition was only a "shell" petition.

Respondent parses the statutory tolling requirement to make three arguments: (1) the first state petition was not "properly filed;" (2) the first state petition was not an "application for post-conviction or other collateral relief;" and (3) the first state petition was not "pending." None of respondent's arguments hold up under scrutiny.

////

////

3

A.  <u>Was the first state petition properly filed?</u>

Respondent asserts that the "properly filed" requirement includes compliance with the state's rules governing filings, including those prescribing the form of the document. According to respondent, the "form" of petitioner's initial habeas petition was improper because it did not comply with California rules that require a habeas petition to "articulate the legal theory and operative facts for each claim for relief." (ECF No. 19 at 24-25; <u>see</u> Cal. R. Ct. 8.384 & form MC-275 (copy provided at ECF No. 19-1).)

In <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000), the Supreme Court examined the definition of "properly filed" for purposes of statutory tolling under section 2244(d)(2). The Court first looked to the definition of "filed:" "an application is 'filed' . . . when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." 531 U.S. at 8. The Court went on,

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Id.</u> The Court further explained, "the question whether an application is 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." <u>Id.</u> at 9. The Court held that denial of the state petition on the grounds of a state procedural rule barring claims which had been raised on direct appeal, did not render the state petition improperly filed for purposes of section 2244(d)(2). <u>Id.</u> at 10-11.

Following <u>Artuz</u>, courts have held that an untimely state petition is not "properly filed," <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413 (2005); a second petition dismissed by the state court as successive was "properly filed," <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999); and a state court petition dismissed for failure to state a claim was "properly filed," <u>Cross v. Sisto</u>, 676 F.3d 1172, 1176-77 (9th Cir. 2012). <u>Cross</u> is particularly relevant to the situation in the present case. In <u>Cross</u>, the California Supreme Court denied the habeas petition with citations to case law indicating the denial was based on the petitioner's failure to "state fully and with particularity the facts on which relief is sought." 676 F.3d at 1176-77. The Court of Appeals held that while the

4

1  petition was "procedurally deficient under California law, it was not improperly filed within the
2  meaning of §2244(d)(2)." Id. at 1177 (quoting Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir.
3  2005)). Further, the court noted that the California Supreme Court's decision to allow the
4  petitioner to amend his petition showed that the California Supreme Court did not consider that
5  petition to have been untimely or improperly filed. Id. Other courts have also looked to how the
6  state court treated a state petition to determine whether, under section 2244(d)(2), that petition
7  was "properly filed." See Jenkins v. Superintendent, 705 F.3d 80, 87-88 (3rd Cir. 2013); Rice v.
8  Bowen, 264 F.3d 698, 701 (7th Cir. 2001); Emerson v. Johnson, 243 F.3d 931, 935 (5th Cir.
9  2001).

The California Supreme Court recently approved the filing of "shell" petitions, such as petitioner's first state habeas petition, for the purpose of tolling the federal statute of limitations. See In re Morgan, 50 Cal. 4th 932, 941-42 (2010); In re Jimenez, 50 Cal. 4th 951, 957-58 (2010).[3] In Jimenez, the court considered a capital petitioner's filing of a one-issue state habeas corpus petition. State habeas counsel had been appointed for petitioner Jimenez in June 2007. In April 2008, the California Supreme Court denied Jimenez's appeal. In September 2008, Jimenez filed the single-issue state habeas corpus petition with the California Supreme Court. Jimenez asked the court to defer consideration of his petition until his counsel had an opportunity to investigate and prepare an amended petition. In granting the petitioner's request, the court reaffirmed its policy of allowing capital inmates 36 months after the appointment of counsel to file a state habeas petition. Id. at 955 (citing Cal. Supreme Ct., Policies Regarding Cases Arising from Judgments of Death, policy 3, std. 1–1.1.) The court explained that implicit in this policy was a recognition of the enormous amount of work involved in preparing a capital habeas petition:

> Before preparing the petition, counsel must consult with the petitioner and must review not only the trial record (here totaling more than 5,000 pages) but also the police reports and trial counsel's notes. In addition, habeas corpus counsel must investigate various factual and legal matters that may lead to potentially

---

[3] After initially citing to the Morgan and Jimenez cases in his reply (ECF No. 23 at 2), petitioner later refers to them as the "Morgan and Zamudio" cases. (E.g., ECF No. 23 at 10:22, 11:16.) It appears this is a typographical error (in the case caption, Mr. Jimenez's middle name is identified as "Zamudio") and when mentioning "Zamudio" petitioner is referring to Jimenez.

> meritorious claims. These tasks become more challenging when, as occurred here, habeas corpus counsel is not appointed until eight and one-half years after the judgment of death. In that time span, critical documents may have been destroyed and witnesses may no longer be available, or their memories may have faded.

50 Cal. 4th at 955. The court explained that had it been able to appoint habeas counsel for Jimenez in a more timely manner, a complete habeas petition would have been on file well before the court decided Jimenez's appeal. Id. at 957. Through no fault of petitioner Jimenez, the filing of a reasonably investigated and reasonably prepared petition was delayed.

The California Supreme Court in Jimenez also recognized that it had long condoned the practice of deferring consideration of "shell" petitions:

> Since 2001, in circumstances similar to those here, habeas corpus counsel appointed for capital inmates have proceeded in the same manner as counsel here. In each instance, we have deferred consideration of the petition, allowing counsel to later file an amended petition within the 36–month period set forth in our court rules.

Id. at 958. There is no question that the California Supreme Court did, and does, consider a shell petition such as the one filed in the present case to be properly filed in that court.

Comity demands that the federal court respect state court procedures for resolving state habeas corpus petitions. Indeed, "enhanc[ing] the State's capacities to control their own adjudications" is the "apparent general purpose" of the AEDPA. Lindh v. Murphy, 521 U.S. 320, 334 n.7 (1997). With the passage of AEDPA, it is "unlikely that Congress intended its tolling provision to result in indifference to, or even interference with, a given state's handling of petitions for post-conviction relief." Villegas, 184 F.3d at 472. This court finds petitioner's initial state habeas corpus petition was properly filed under 28 U.S.C. § 2244(d)(2).

B. <u>Was the first state petition an application for post-conviction or other collateral relief?</u>

In a related argument, respondent contends the shell petition was not an "application for post-conviction or other collateral review with respect to the pertinent judgment or claim" for purposes of section 2244(d)(2). As described above, the California Supreme Court has determined, through both practice and reasoned decision, that capital habeas petitioners may file shell habeas petitions prior to filing a complete, investigated petition. Petitioner's first state court

6

1    petition, which was lodged herein by respondent on March 14, 2014 (<u>see</u> ECF No. 20), is eight

2    pages. At paragraph XVI, it alleges:

3
> Petitioner's conviction and death sentence were obtained in
4
> violation of his rights under the United States Constitution, as well
> as his rights under the California Constitution. In an amended
5
> habeas corpus petition, to be filed by June 29, 2007, Petitioner shall
> set forth with specificity the state and federal constitutional
6
> violations that entitle him to relief, along with facts and exhibits
> supporting those claims.
7

8    <u>In re Kennedy</u>, No. S037195 (Pet. filed Nov. 4, 2005).

9           Respondent cites a number of cases in support of his argument that this "shell" petition

10   did not sufficiently seek post-conviction review or relief to qualify for statutory tolling.

11   Primarily, he relies upon <u>Sibley v. Culliver</u>, 377 F.3d 1196 (11th Cir. 2004). While the court in

12   <u>Sibley</u> makes some general statements of the law applicable here, the facts in that case are unique

13   and a far cry from the regular, state-approved procedure petitioner followed in the present case.

14   During the course of his automatic appeal in state court, condemned inmate Sibley, acting pro se,

15   mailed several members of Congress a "petition for orders commanding release from unlawful

16   restraint of liberty." 377 F.3d at 1198. After the Alabama Supreme Court denied his appeal, and

17   almost a year after the deadline for seeking a writ of certiorari, Sibley filed a notice with the state

18   supreme court that he had lodged an "appeal" with Congress and made clear he did not wish to be

19   involved in the court system. <u>Id.</u> at 1199. He filed several other bizarre notices with that court.

20   <u>Id.</u> Six days before his scheduled execution, and over a year after the statute of limitations had

21   expired, Sibley filed a federal habeas petition. <u>Id.</u>

22          The Eleventh Circuit Court of Appeals considered whether Sibley's "notice" to the state

23   court was a "properly filed application for State post-conviction or other collateral review." <u>Id.</u> at

24   1200. The court held it was not for three reasons. First, Sibley's notice failed to request relief

25   from the court from his execution. <u>Id.</u> Second, it did not "even attempt to make a good faith

26   effort to offer at least a potentially plausible or coherent basis for granting Sibley relief." <u>Id.</u> The

27   court held that the document must "contain something vaguely approaching legitimate, relevant,

28

1 coherent legal analysis." Id.  The court also stated, however, that it was not holding that a
2 petitioner must "successfully state a claim," because the standard "is by no means a high" one.
3 Id. at 1201.  Finally, the court noted that Sibley was quite clear he was not seeking relief from the
4 court.  Id.

5 The other cases cited by respondent involve similarly unique, and similarly inapplicable,
6 circumstances.  See Davis v. Barrow, 540 F.3d 1323, 1324 (11th Cir. 2008) (per curiam) (motion
7 to reconsider sentence, in which petitioner offered to leave the country as an alternative to prison
8 time, was not an "attack on the legality of the sentence" and therefore does not toll the statute);
9 Malcom v. Payne, 281 F.3d 951, 957-62 (9th Cir. 2002) (petition for clemency does not toll
10 because statute clear that post-conviction proceeding must be a judicial one).  Where a petitioner
11 challenges his conviction through established state judicial procedures, courts have consistently
12 found those filings toll the statute.  Cf. Wall v. Kholi, 131 S. Ct. 1278, 1282 (2011) (clarifying
13 definition of "collateral" review; Court holds that motion to reduce sentence tolled the statute
14 because it was "judicial review of a judgment in a proceeding that is not part of direct review");[4]
15 Isley v. Arizona Dept. of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004) (focus on definition of
16 "pending;" notice required under Arizona law to initiate state post-conviction proceeding tolled
17 the statute even though notice contained no discrete claims); Streu v. Dormire, 557 F.3d 960, 965
18 (8th Cir. 2009) (motion to reopen post-conviction proceedings tolled statute).

19 Respondent fails to address more relevant authority from this Circuit.  In Tillema v. Long,
20 the court considered whether a "Motion to Vacate Illegal Sentence" tolled the statute.  253 F.3d
21 494, 499 (9th Cir. 2001), abrogated on other grounds as described in Ford v. Pliler, 590 F.3d 782,
22 789 (9th Cir. 2009).  The Ninth Circuit Court of Appeals held that even though the motion did not
23 raise a federal constitutional claim, it tolled the statute because it sought relief from the "pertinent
24 judgment."  Id. at 499-500; see also Gaston v. Palmer, 417 F.3d 1030, 1040 (9th Cir. 2005)
25 ("[T]he relevant question for § 2244(d)(2) tolling purposes is whether a properly filed application

---

[4] In Kholi, the Court abrogated one of the cases relied upon by respondent, Alexander v. Secretary, Dept. of Corrections, 523 F.3d 1291, 1296 (11th Cir. 2008).  Respondent failed to cite Alexander's subsequent history.

is pending in state court, and not whether any particular claim was contained in that application."), amended on other grounds, 447 F.3d 1165 (9th Cir. 2006).  Other circuits are in agreement.  See Bishop v. Dormire, 526 F.3d 382, 384 (8th Cir. 2008) (motion to recall the mandate, which presented a claim not cognizable in federal habeas proceedings, tolled the statute); Cowherd v. Million, 380 F.3d 909, 912-13 (6th Cir. 2004) (en banc) (state post-conviction petition need not raise a federal constitutional issue to toll statute); Ford v. Moore, 296 F.3d 1035, 1040 (11th Cir. 2002) (per curiam) (same); Sweger v. Chesney, 294 F.3d 506, 520 (3rd Cir. 2002); Carter v. Litscher, 275 F.3d 663, 665 (7th Cir. 2001).[5]  Petitioner's first state petition explicitly stated that it sought relief from petitioner's conviction and sentence.  It qualifies as an "application for State post-conviction or other collateral relief" under 28 U.S.C. § 2244(d)(2).

        C.   Was the first state petition pending?

Respondent's final argument rests primarily on interpretations of the first state petition as neither properly filed nor an appropriate application for relief.  As described in the prior two sections, petitioner's first state petition meets both requirements.  Respondent also points to cases in which courts rejected claims that a state post-conviction petition filed outside the federal one-year limitations period but within the state's longer limitations period should qualify for statutory tolling.  Because the petitioners in those cases failed to file any state petition within the one-year federal limitations period, they are not particularly helpful.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (petitioner who filed within state's two-year limitations period did not qualify for tolling just because state limitation period longer than federal one); Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (same).  Accordingly, in the present case, petitioner's state habeas proceeding was pending from the date he filed his first state habeas petition, November 5, 2005, through the date the California Supreme Court denied that petition on September 18, 2013.

---

[5] Respondent's statement that "it is clear that Congress intended to grant tolling only to those petitioners who were actively undertaking to exhaust state remedies" is supported by neither the case law he cites nor by the weight of authority.  (See ECF No. 19 at 10-11.)  As long as the state post-conviction proceeding sought review of the pertinent judgment or claim, tolling is appropriate.

It is worth noting that, should respondent's interpretation of section 2244(d)(2) prevail, then condemned inmates, based on factors beyond their control, could be forced to file state habeas petitions without the assistance of counsel. The California Supreme Court has described its difficulties in locating qualified counsel to represent these inmates. See In re Morgan, 50 Cal. 4th 932, 937-39 (2010) ("The search for qualified counsel can take eight to 10 years or longer."). Mr. Morgan's case provides a clear example of the risks of accepting respondent's interpretation. Morgan's direct appeal proceedings concluded in March 2008. Id. at 935. Under 28 U.S.C. §2244, Morgan's federal habeas petition was thus due in March 2009. However, as of August 2010, the California Supreme Court had been unable to recruit counsel to represent Morgan in a state habeas proceeding. Id. at 934. The California Supreme Court found it appropriate to accept the "shell" petition filed by Morgan in April 2008 and allow Morgan a reasonable period of time after counsel was appointed to file a state habeas petition. Id. at 940-42. Under respondent's interpretaton of the tolling provisions, Morgan would have been required to file a complete state habeas petition without any assistance of counsel to preserve his federal habeas rights. The result respondent seeks ignores the importance of counsel to both the state and federal capital habeas systems and would defeat the orderly exhaustion of federal constitutional claims in state court.

Statutory tolling of the limitations period from November 4, 2005, the date petitioner filed his initial state petition, through September 18, 2013, when the California Supreme Court denied the state habeas petition, is appropriate.[6] The court moves on to the next question, and the subject of petitioner's pending motion, equitable tolling.

II.     Equitable Tolling

The Supreme Court recently made clear that the one-year limitations period under section 2244(d)(2) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).

---

[6] Even if statutory tolling is not appropriate, the equities are certainly in petitioner's favor. Petitioner had no reason to believe the procedure he followed in state court was not appropriate or that it would not result in statutory tolling of the federal limitations period. He has not been dilatory or negligent in any way. He complied with state court filing requirements. Even if petitioner did not meet the technical requirements for statutory tolling, comity and fairness dictate that this court respect the state court's procedures to equitably toll the statute during the pendency of petitioner's state habeas proceeding.

Equitable tolling is applicable where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has been diligent in pursuing his rights. He initiated these federal proceedings less than two weeks after the California Supreme Court denied his state habeas petition. He filed the present motion less than three weeks after counsel was appointed. Respondent takes issue, however, with petitioner's argument that he meets the second Pace requirement. In addition, respondent claims any decision by this court would be both premature and violative of the case or controversy requirement of Article III of the Constitution.

       A.   Timing of Motion

Respondent claims this court lacks jurisdiction to consider petitioner's motion because it is not ripe. If and until petitioner files an untimely petition, the argument continues, there is no issue regarding the statute of limitations. As respondent points out, without a present "case or controversy" within the meaning of Article III, a federal court decision is "merely advisory." See United States v. Leon, 203 F.3d 162, 163 (2nd Cir. 2000). Respondent first cites Calderon v. Ashmus, 523 U.S. 740, 746 (1998), in support of his argument that this court may not issue an advisory ruling. In Calderon, the United States Supreme Court considered a class action suit filed by California death row inmates. The inmates sought a declaration that Chapter 154 of the AEDPA would not apply to their future federal habeas proceedings. The Court dismissed the complaint, holding that a declaratory judgment was inappropriate to "gain a litigation advantage by obtaining an advance ruling on an affirmative defense." 523 U.S. at 747.

Calderon does not support respondent's argument. In that case, as in the other cases cited by respondent, the inmates had no pending federal habeas proceeding. See Leon, 203 F.3d at 164 (court lacked jurisdiction to consider issues related to timeliness of federal habeas petition under 28 U.S.C. § 2255 until a petition was filed[7]); Grisson v. Barnes, 2013 WL 3053059 (C.D. Cal.

---

[7] It is also worth noting, as petitioner points out, that the Third Circuit disagreed with the holding of the Second Circuit in Leon. See United States v. Thomas, 713 F.3d 165, 169 (3rd Cir.), cert. denied, 133 S. Ct. 2873 (2013).

1  June 14, 2013); Sisneros v. Biter, 2012 WL 395758 (C.D. Cal. Feb. 6, 2012); McDade v. Warden, 2010 WL 4795377 (C.D. Cal. Nov. 16, 2010).  In the present case, petitioner has a federal habeas corpus proceeding pending in this court.  As the Eighth Circuit Court of Appeals noted, "[t]he filing of a habeas petition is not required to confer post-conviction jurisdiction over a state inmate in federal court."  Skillcorn v. Luebbers, 265 F.3d 687, 690 (8th Cir. 2001) (citing McFarland v. Scott, 512 U.S. 849, 859 (1994)).  It is well-established that a capital habeas petitioner may initiate a federal habeas proceeding by filing a motion for appointment of counsel, as was done here.  McFarland, 512 U.S. at 857-58.

Respondent makes the related argument that petitioner's request is premature.  He cites three cases.  (ECF No. 19 at 5:9-19.)  Again, none of the cases cited are relevant, primarily because in none of those cases was the request for equitable tolling made prior to filing the petition.  See Bynum v. Smith, 2008 WL 160380 (E.D. Mich. Jan. 15, 2008) (pro se, non-capital petitioner's request for equitable tolling denied where statute of limitations issue was not raised in the answer); Lopez v. Campbell, 2007 WL 2580482 (E.D. Cal. Aug. 31, 2007) (motion for equitable tolling premature because court had ordered pro se, non-capital petitioner to file an amended petition and wanted to wait until it had all pertinent facts before it); Dent v. Cain, 2006 WL 2038161 (E.D. La. July 19, 2006) (pro se petitioner filed motion for equitable tolling along with petition; court found it premature for unexplained reasons).  Respondent has simply provided no support for his arguments challenging the timing of petitioner's motion.[8]

Petitioner argues that the legitimacy of anticipatory equitable tolling is well-established in this circuit.  However, in most of the cases petitioner cites, while equitable tolling was in fact granted pre-petition, the timing issue does not appear to have been raised and was not addressed by the court.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), abrogated by Woodford v. Garceau, 538 U.S. 202 (2003);

---

[8] This court found one case which supports respondent's position.  In Kayer v. Schriro, 2007 WL 4150213, at *2 (D. Ariz. Nov. 19, 2007), the court stated, without explanation or citation to authority, that a request for equitable tolling is not ripe until the limitations period has expired.  Based on the lack of any rationale for this statement, it carries little weight.

Cruz v. Chappell, 2014 WL 693595 (N.D. Cal. Feb. 21, 2014); Williams v. Chappell, 2013 WL 3863942 (E.D. Cal. July 24, 2013); Hoyos v. Wong, 2010 WL 596443 (S.D. Cal. Feb. 16, 2010);[9] San Nicolas v. Ayers, 2007 WL 763221 (E.D. Cal. Mar. 9, 2007). In only one of the cases cited by petitioner was the prematurity issue raised and addressed directly by the court. In Dickey v. Ayers, 2006 WL 3359231, at *1 (E.D. Cal. Nov. 20, 2006), the court noted that the "State's jurisdictional argument has little support in the capital context." The court relied upon the recognition by the Court of Appeals in Beeler that no petition had been filed when equitable tolling was granted and upon the Supreme Court's holding in McFarland that a district court has jurisdiction to appoint counsel and issue a stay of execution before a federal habeas petition is filed.

This court finds it appropriate to consider equitable tolling at this juncture. Preparing the federal habeas petition is widely recognized as an enormous task. Further, the AEDPA is clear that all potential claims must be included in the first petition. See 28 U.S.C. § 2244. This court will not require petitioner to gamble by choosing either a more-thorough, but potentially untimely petition, or a timely but less adequately prepared one. Petitioner has shown a number of courts in this circuit have found equitable tolling appropriate pre-petition. Respondent cites no authority to support his position to the contrary. Petitioner's request should not be considered premature.

    B.   Extraordinary Circumstances Justifying Equitable Tolling

A petitioner must show "extraordinary circumstances" beyond his control to justify equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). The standard is a high one. Miranda v. Castro, 292 F.3d 1063 (9th Cir. 2002).[10] It is also "highly

---

[9] In Hoyos, the court noted that respondent raised the prematurity issue at oral argument only and without citation to authority. The court stated that it felt the motion for equitable tolling was appropriate because "the AEDPA deadline shall expire in less than a week." 2010 WL 596443, at *6 n. 4. While the court in Hoyos granted pre-petition equitable tolling, the tenor of its comment about the timing of the petitioner's motion does not necessarily support petitioner's argument in the present case that his motion, made over six months before expiration of the statute of limitations, is not premature.

[10] Petitioner cites Holland for the statement that there is a "rebuttable presumption in favor of equitable tolling." (ECF No. 14 at 23-24.) The Court in Holland made that statement in the course of considering whether equitable tolling could be applied at all to the AEDPA's statute of

13

fact-dependent." Espinoza-Matthews, 432 F.3d at 1026. Among the factors courts have considered relevant to making the determination are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. Hoyos, 2010 WL 596443, at **4, 5; Dickey, 2006 WL 3359231, at **1-2. A number of courts cited McFarland in recognizing that the "right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." 512 U.S. at 858.

It does not appear that the Ninth Circuit Court of Appeals has considered the issue presented here – a capital habeas petitioner's request for equitable tolling based on the delay in appointment of counsel. In Beeler, the court briefly considered whether the district court appropriately tolled the statute of limitations based on a substitution of attorneys. 128 F.3d at 1289. After appointment, petitioner Beeler's attorney withdrew, and "much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control." Id. These events amounted to extraordinary circumstances justifying equitable tolling. Id. While Ninth Circuit authority is limited, a number of district courts in this circuit have addressed the issue.

At least one district court found that a significant delay in the appointment of counsel, without more, is an extraordinary circumstance justifying tolling. Cruz, 2014 WL 693595, at *2 (5-month delay).[11] Most courts look to other factors, as well as the delay in appointment. In Dennis v. Woodford, 65 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999), the court held that a seven-month delay in appointing counsel was not, alone, sufficient to justify equitable tolling. The court required a showing of "specific, particularized facts" that the tasks required to prepare the petition could not be accomplished in the time available. 65 F. Supp. 2d at 1097 & n.5; cf., Dykes v. Chappell, 2012 WL 3727263, at *2 (N.D. Cal. Aug. 28, 2012) (court granted tolling

---

limitations. 560 U.S. at 645-46. The Court in Holland did not ease the "extraordinary circumstance" standard for applying equitable tolling to a specific case. Id. at 649-50.

[11] Petitioner cites to two additional cases, but includes only the case numbers without Westlaw citations. (ECF No. 14 at 7:18-25.) When citing to materials which are not available through normal channels, counsel is required to provide copies of those materials. Local Rule 133(i)(3). Because petitioner's counsel has not done so, this court will not consider Fairbank v. Woodford and Samayoa v. Hickman in its analysis.

14

after considering facts that record was "extremely voluminous" and case was "extraordinarily complex").  In Hoyos, the court considered petitioner's statements that "'habeas counsel is obligated to complete as much *pre*-filing investigation and fact development as possible, rather than rely primarily on *post*-filing discovery proceedings to round out the claims.'"  2010 WL 596443, at *5.  Counsel in Hoyos had described the work remaining, including "'fact investigation into third party culpability, demonstration of Petitioner's actual innocence, additional penalty mitigation, and further development of an Atkins claim regarding mental retardation.'"  Id. at *6.  The court granted equitable tolling because "counsel should be afforded the opportunity to develop his federal claims, and the delay in the appointment of federal counsel, which was entirely beyond the control of Petitioner, severely obstructed his ability to file a complete federal habeas petition within the AEDPA limitations period."  Id. at *5; see also San Nicolas, 2007 WL 763221, at **1-2 (court considered facts that petitioner was unable to complete adequate investigation of his claims in state court because that court refused to fund it and that reviewing the large record was a "formidable task"); Dickey, 2006 WL 3359231, at *3 (court relied upon petitioner's "persuasive showing that additional time beyond [the petition's due date] may be required to adequately prepare the petition due to the lack of investigation by state habeas counsel");

      Where courts have equitably tolled the statute, it is not a given that tolling will be provided for the full length of the delay in appointing counsel.  Rather, most courts considered petitioner's showing of the time necessary to complete a petition.  In Jurado v.Wong, 2009 WL 3320494, at * 7 (S.D. Cal. Oct. 14, 2009), the district court considered whether a 327-day delay between the petitioner's request for appointment of counsel and the appointment of counsel justified equitable tolling.  The court refused to simply grant petitioner's request to toll the statute for the full length of the delay.  Rather, the court considered petitioner's counsel's showing of the work to be done to complete a comprehensive federal petition and equitably tolled the statute for eight months.  2009 WL 3320494, at *7; see also Kayer, 2007 WL 4150213, at *2 ("The Court declines to find, as a general rule, that an adequate petition requires one year of preparation simply because the AEDPA provides that time period as a statute of limitations."); Hoyos, 2010

WL 596443, at *6 (petitioner requested tolling for full 217-day delay between request for appointment of counsel and counsel's appointment; court held that "just over 6 months of equitable tolling will allow counsel an opportunity to complete record review, investigation, a mental health evaluation of Petitioner, and to file the habeas petition"); cf., San Nicolas, 2007 WL 763221, at *6 (court granted full 188-day period requested with finding that that time period was "reasonable"); but see Dickey, 2006 WL 3359231, at *3 (court grants tolling for full 138-day delay in appointing counsel).

In the present case, petitioner claims a need for equitable tolling because his case is particularly complex for the following reasons, among others: the state petition was voluminous, nearly 600 pages, and alleges 90 separate claims and sub-claims; the petition includes many claims of ineffective assistance of counsel for failure to investigate and present critical guilt- and penalty-phase evidence; the petition includes claims that trial counsel acted under a conflict of interest; and the petition includes claims of "extensive state misconduct" in the investigation of the case. (ECF No. 14 at 9-10.) While Mr. Clough represented petitioner in his state habeas proceedings, Mr. Ellis is new to the case and will require time to read and review the prior pleadings, transcript, and case file.

Petitioner also asserts that "[p]re-petition investigation and expert evaluations are necessary." (Id. at 4:10.) The trial transcript in this case is relatively brief – less than 2,000 pages. However, the Clerk's Transcript is extensive and, according to petitioner, the brevity of the trial transcript shows the lack of pre-trial investigation. This circumstance places a greater burden on habeas counsel to investigate claims of ineffective assistance of counsel and other, underlying claims.

The four-month delay in the appointment of counsel reduced the time to prepare the federal petition by a third. There is no question that Mr. Ellis will require a substantial amount of time to review the prior record and files in this case. There is also no question that preparation of the federal petition from the extremely lengthy state petition will require a substantial amount of time. Respondent has not shown he will suffer any prejudice if the petition is filed in January 2015, rather than September of this year. The delay in appointment of counsel was outside

1 | petitioner's control and, given the importance of counsel to preparation of a federal capital habeas
2 | petition, amounts to an extraordinary circumstance justifying equitable tolling.  The court finds
3 | tolling the statute for the four months requested reasonable given the work involved.

4 |       Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that
5 | petitioner's motion for equitable tolling (ECF NO. 14) be granted.  Petitioner's federal habeas
6 | corpus petition should be considered timely if filed on or before January 15, 2015.

7 |       These findings and recommendations are submitted to the United States District Judge
8 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9 | after being served with these findings and recommendations, any party may file written
10 | objections with the court and serve a copy on all parties.  Such a document should be captioned
11 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 | shall be served and filed within fourteen days after service of the objections.  Failure to file
13 | objections within the specified time may waive the right to appeal the District Court's order.
14 | <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
15 | 1991).

16 | Dated:  April 16, 2014

18 | kennedy eq toll.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

17