UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLE KENNEDY, | No. 2:13-cv-02041 KJM KJN DP |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | FINDINGS & RECOMMENDATIONS |
| Respondent. | |

On October 26, 2015, the undersigned held a status conference and a hearing on petitioner's motion to stay these proceedings and hold them in abeyance pending the filing and resolution of an exhaustion petition in state court. Michael Clough and Kelly Culshaw appeared for petitioner. Alice Su and Sean McCoy appeared for respondent. At the close of the status conference and hearing, respondent's counsel was excused and the undersigned held an ex parte budgeting conference with petitioner's counsel.

Ms. Culshaw informed the court that she agrees that the unexhausted claims identified previously by the parties are unexhausted. However, she requires additional time to review the record and files in this case before she can determine whether the petition contains additional unexhausted claims. Ms. Culshaw pointed out, and Ms. Su concurred, that the record in this case is complex. The court finds good cause to delay the filing of an exhaustion petition in state court for two reasons. First, Ms. Culshaw appeared in this case just six weeks ago. Based on the

1

complexity of the record, there is good cause to permit additional time for her record and file review.  Second, Ms. Culshaw's participation at this stage is important.  Mr. Clough represented petitioner in his state court habeas proceedings.  Petitioner has alleged ineffective assistance of state habeas counsel as a basis for his motion to stay.  Additional allegations of ineffective assistance of state habeas counsel may also be alleged for this purpose, and later, as cause for any assertions that some claims are subject to procedural default.  Therefore, Ms. Culshaw's identification of any additional unexhausted claims is necessary.  For the reasons set forth below, this court recommends petitioner's motion to stay be granted and, based on Ms. Culshaw's need for additional time, the court recommends a six-month deadline for filing the state petition.  Should Ms. Culshaw identify additional unexhausted claims, petitioner may move to lift the stay for the limited purpose of considering whether those claims are unexhausted.

## MOTION TO STAY

I. <u>Background</u>[1]

In October 1993, petitioner was convicted of robbery and first degree murder.  The jury found true the special circumstance allegation of murder committed during the commission of a robbery.  After a penalty trial, the jury returned a verdict of death on November 18, 1993.  On June 18, 1998, the California Supreme Court appointed attorney Michael Satris to represent petitioner in his automatic appeal.  He filed the opening brief on appeal in February 2002.  On July 25, 2005, the California Supreme Court denied petitioner's appeal.  <u>People v. Kennedy</u>, 36 Cal. 4th 595 (2005).

On June 22, 1998, the California Supreme Court appointed attorney Michael Ciraolo as petitioner's habeas counsel.  Almost four years later, Mr. Ciraolo moved to withdraw.  The California Supreme Court granted that motion on May 1, 2002, and appointed Michael Millman, Executive Director of the California Appellate Project, as interim habeas counsel.  Over three years later, the court appointed attorney Judd Iversen as habeas counsel.  Mr. Iversen asked attorney Michael Clough to assist him.  Mr. Clough had been practicing law for less than a year at

---

[1] These are the facts set forth in petitioner's brief.  Respondent does not contest them.

2

that point.

In March 2008, Mr. Iversen moved to withdraw from the case for health reasons. The California Supreme Court declined to file his motion. Attorney Clough states that he then stepped into the lead counsel role by necessity to finish the investigations and preparation of the state petition. Mr. Clough states that he had no assistance from Mr. Iversen during that time. The state petition was filed on June 30, 2008.

In December 2008, Mr. Iversen renewed his motion to withdraw. On January 21, 2009, the California Supreme Court granted his motion and appointed Mr. Clough as petitioner's counsel. At that point, Mr. Clough had been practicing law for four years, the minimum time required under the California Supreme Court's rules for appointment in a death penalty habeas case. Mr. Clough states that the investigative funds allocated for petitioner's representation were exhausted by the date petitioner filed his habeas petition. On April 6, 2010, attorney Clough requested additional investigative funds from the California Supreme Court. The court denied that request. In June 2010, petitioner filed an informal reply to his petition. The California Supreme Court summarily denied the petition on the merits in September 2013. The court found several claims were also procedurally defaulted.

In October 2013, petitioner instituted this federal proceeding by filing a motion for appointment of counsel and a stay of execution. On February 25, 2014, this court appointed attorneys Michael Clough and Richard Ellis to represent petitioner. In March 2014, petitioner moved for equitable tolling of the due date for filing his federal habeas petition. That motion was granted and petitioner filed his federal petition on January 12, 2015.  (ECF Nos. 27, 35, 45.)

On February 10, 2015, Mr. Ellis moved to withdraw as counsel for petitioner. This court granted that motion and referred the case to the Selection Board for recommendation of new co-counsel. (ECF No. 50.) Based on the recommendation of the Selection Board, this court appointed the Office of the Federal Defender, Capital Habeas Unit, on September 10, 2015. (ECF No. 57.)

In May 2015, the parties filed a joint statement regarding exhaustion issues. (ECF No. 51.) The court found the claims identified by the parties as unexhausted to be unexhausted. (ECF

3

No. 52.)  On June 26, 2015, petitioner filed the present motion to stay these proceedings and hold them in abeyance pending exhaustion of state remedies.  (ECF No. 53.)  Respondent opposes the motion.  (ECF No. 54.)   The court set this status conference to permit Ms. Culshaw to inform the court whether or not she agreed with petitioner's identification of unexhausted claims and set this hearing for any argument on the motion for stay.  (ECF No. 57.)

## II.     Legal Standards

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."  Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). Historically, federal courts dismissed mixed petitions.  See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274.  In 2005, the Supreme Court considered the propriety of staying a mixed petition.  In Rhines, the Court held that stay and abeyance of a mixed petition is available in "limited circumstances" when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  544 U.S. at 277.  Even if a court finds good cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or petitioner has engaged in "abusive litigation tactics or intentional delay."  Id. at 278.

The Court did not define "good cause" and there is limited case law explaining it.  The Ninth Circuit has held that it is something less than "extraordinary circumstances," and that courts should examine the reasons for the petitioner's failure to exhaust.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  Recently, the Ninth Circuit examined the good cause standard in more detail.  The court explained the purpose of the standard and the necessity of factual support for it:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust. In Wooten, for example, the petitioner's excuse that he was "under the impression" that his claim was exhausted was not a reasonable excuse because no evidence indicated that the petitioner's ignorance was justified. To the contrary, the petitioner's attorney sent him a copy of his state petition, which did not mention the unexhausted claim, and the

> petitioner did not argue that his attorney provided ineffective assistance for failing to include the claim. 540 F.3d at 1024 n. 2; see also King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009) (holding that the district court did not abuse its discretion in finding that the petitioner did not establish good cause when his factual allegations were "insufficiently detailed").

Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (footnote and some citations omitted). Petitioner Blake argued that his state post-conviction counsel failed to investigate the abuse he suffered as a child and his mental health to support a claim that his trial counsel was ineffective for failing to present that sort of evidence at the penalty phase. Blake supported this argument with evidence of his abusive upbringing and psychological disorders. None of this evidence was presented to the state court. The Ninth Circuit held it was a sufficient showing that Blake's post-conviction counsel was defective under the Sixth Amendment standards described in Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. at 977. Blake's showing met the "good cause" standard of Rhines because it "was not a bare allegation of state postconviction IAC [ineffective assistance of counsel], but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence of Blake's abusive upbringing and compromised mental condition." Id. at 983.

      The Ninth Circuit relied, in part, for its holding on the Supreme Court's determination in Martinez v. Ryan, 132 S. Ct. 1309 (2012), that the ineffective assistance of post-conviction counsel may establish cause for a procedural default. The Blake court explained that because the stay/abeyance procedure did not have the impact on state/federal comity that bypassing a state procedural bar has, the standards for finding cause for stay/abeyance "cannot be any more demanding than a showing of cause under Martinez." 745 F.3d at 983-84. The court went on to note that, while the question was not before it, something less than ineffective assistance of counsel should also meet the Rhines good cause standard. Id. at 984 n.7.

      Examining available cases, a judge in this court determined last year that "[a] consensus appears to be developing among courts equating 'good cause' under Rhines with factors that are

1  beyond a petitioner's control." Branningan v. Barnes, 2014 WL 3401449, *4 (E.D. Cal. July 11,
2  2014) (citing Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008); Fernandez v. Artuz, 2006
3  WL 121943, *5 (S.D.N.Y. 2006); Pierce v. Hurley, 2006 WL 143717, *8 (S.D. Ohio 2006);
4  Carter v. Friel, 2006 WL 208872, *3 (D. Utah 2006); Hernandez v. Sullivan, 397 F. Supp. 2d
5  1205, 1207 (C.D. Cal. 2005)), report and recommendation adopted by, 2014 WL 4385681 (E.D.
6  Cal. Sept. 4, 2014); see also Ramdeo v. Phillips, 2006 WL 297462, *6 (E.D.N.Y. 2006)
7  ("regardless of whether courts analogize 'good cause' to 'cause' for procedural defaults, most of
8  the courts which have thus far engaged in an in-depth analysis of the issue have required that
9  'good cause' arise from something external, and not fairly attributable, to the petitioner"). A
10 district court in Nevada found two additional elements besides a lack of control might justify a
11 good cause finding – showing that the petitioner was ignorant or confused about the law or about
12 the status of his case or that the petitioner had no knowledge of the claim's existence. Riner v.
13 Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006).

   III.   Discussion

   The parties agreed, and this court found, that six claims in the federal petition were unexhausted. Petitioner alleges that four of those claims should have been raised in the state habeas petition and two, which are based solely on the state court record, should have been raised on appeal, and the failure to do so amounted to ineffective assistance of appellate counsel, a claim which should have been raised in the state habeas petition as well. Petitioner also makes an independent claim of ineffective assistance of state habeas counsel, which could not have been raised previously so is also unexhausted.

   Petitioner argues that attorney Iversen's abandonment of his case and attorney Clough's inexperience amount to unreasonable conduct on their part. In addition, he points to the California Supreme Court's denial of petitioner's post-petition request for additional investigative funds. These events were outside petitioner's control and, he argues, he should not be held responsible for them.

   This court agrees. Petitioner has shown a "reasonable excuse" for failing to exhaust these claims and provided a supported explanation for that excuse.

6

Respondent cites a number of district court decisions holding that a mere allegation of ineffective assistance of counsel will not be considered good cause for a stay for exhaustion. However, petitioner here has provided a substantially more detailed basis for a showing of ineffective assistance of counsel than the petitioners did in the cases cited. (ECF No. 54 at 10.) Moreover, most of the cases respondent cites pre-date the Ninth Circuit's 2014 decision in Blake that ineffective assistance of post-conviction counsel can be considered good cause under Rhines. This court is obviously bound by Blake.

With respect to respondent's arguments that petitioner has engaged in abusive litigation tactics and delay by failing to seek state court relief for these claims sooner, nothing in the record indicates the unexhausted claims have been intentionally raised late to delay these proceedings. Petitioner had every reason to exhaust all known claims in state court prior to filing his federal petition. Failure to do so means he risks having claims procedurally barred in state and federal court. Further, petitioner cannot be faulted. He had no control over Mr. Iversen's health, Mr. Clough's inexperience, or the California Supreme Court's refusal to fund additional investigations.

Petitioner does more than simply allege ineffective assistance of counsel. He shows that he lost his experienced habeas counsel just months before the due date for filing his state petition. His inexperienced second lawyer was then required to do the work of two lawyers to finalize investigations and the preparation of the petition. Not only has petitioner done more than simply allege ineffective assistance of habeas counsel, his is not the sort of argument that fails because it could be raised in any case. See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (if allegations of a petitioner's lack of knowledge and of ineffective assistance of appellate counsel alone justified a stay, then almost any petitioner could get a stay, which would run afoul of the Supreme Court's instructions that "district courts should only stay mixed petitions in limited circumstances").

Respondent's argument also ignores the fact that interests of comity and avoiding unnecessary delay support having the federal court determine which claims are unexhausted before petitioner files an exhaustion petition. This consideration is particularly true because the

California Supreme Court recently established "new ground rules for exhaustion petitions in capital cases." In re Reno, 55 Cal. 4th 428, 443 (2012). Subsequent habeas petitions are limited to 50 pages, "subject to a good cause exception." Id. Petitioner certainly had every reason to wait for this court to identify the unexhausted claims so that he filed one exhaustion petition. To have required petitioner to do otherwise would be to encourage piecemeal litigation in both this court and the state courts. Finally, respondent's delay argument posits that petitioner should have filed his state petition in January 2015, when he filed the federal petition. Certainly the short periods of time between that January filing, the parties' identification of unexhausted claims in May and this October resolution of petitioner's motion for stay/abeyance can hardly be considered abusive delay attributable to petitioner or prejudicial to respondent.

Finally, respondent makes no attempt to show that petitioner's unexhausted claims are "plainly meritless" and this court finds that they are not.

For the foregoing reasons, and good cause appearing, IT IS HEREBY RECOMMENDED that:

1. Petitioner's June 26, 2015 Motion to Stay (ECF No. 53) be granted.
2. Petitioner be ordered to file his exhaustion petition in the California Supreme Court by April 26, 2016.
3. These proceedings be stayed and held in abeyance pending the California Supreme Court's resolution of petitioner's exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

////

////

////

objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 27, 2015

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kennedy mot stay abey.fr