UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLE KENNEDY,<br><br>               Petitioner,<br><br>       v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>               Respondent. | No.  2:13-cv-02041-KJM-KJN DP<br><br>DEATH PENALTY CASE<br><br>ORDER |

Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Before the court is petitioner's motion to stay the case and hold it in abeyance pending the filing and resolution of an exhaustion petition in state court, ECF No. 53, as well as petitioner's motion for an extension of time to file the exhaustion petition, ECF No. 79. On October 27, 2015, the magistrate judge filed findings and recommendations on petitioner's motion for stay and abeyance, ECF No. 67, to which respondent has objected, ECF No. 73. As explained below, the court adopts the magistrate judge's findings and recommendations, grants petitioner's motion for stay and abeyance, and grants petitioner's motion for an extension of time.

1

I.      MOTION FOR STAY AND ABEYANCE

On June 26, 2015, petitioner filed his motion for stay and abeyance. ECF No. 53. Respondent opposed the motion, ECF No. 54, and petitioner replied, ECF No. 55. On October 26, 2015, the magistrate judge held a status conference and hearing on petitioner's motion. ECF No. 66. On October 27, 2015, the magistrate judge filed findings and recommendations, recommending granting petitioner's motion under *Rhines v. Weber*, 544 U.S. 269 (2005), and *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014). ECF No. 67. The Supreme Court in *Rhines* held that stay and abeyance of a mixed petition is available when there was good cause for the petitioner's failure to exhaust certain claims, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory litigation tactics. 544 U.S. at 277–78. Applying those requirements, the magistrate judge found good cause existed because petitioner made a sufficient showing that former habeas counsel Judd Iversen's abandonment of petitioner's case and subsequent local lead counsel Michael Clough's inexperience amounted to post-conviction ineffective assistance of counsel, and the California Supreme Court had denied petitioner's post-petition request for additional investigative funds. *See* ECF No. 67 at 6–8. In addition, the magistrate judge found petitioner's unexhausted claims were not "plainly meritless," and nothing in the record indicated the unexhausted claims were intentionally raised late to delay the proceedings. *Id.* at 7–8. The magistrate judge recommended setting a deadline of April 26, 2016 for petitioner to file his exhaustion petition in the California Supreme Court to allow Kelly Culshaw, newly assigned as counsel for petitioner, time to review the complex record and to identify any additional unexhausted claims. *See id.* at 1–2. On November 9, 2015, respondent timely filed objections to the findings and recommendations. ECF No. 73.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of petitioner's motion for stay and abeyance. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Accordingly, the court adopts the magistrate judge's findings and recommendations and grants petitioner's motion for stay and abeyance.

II.     MOTION FOR EXTENSION OF TIME

On March 23, 2016, petitioner filed a motion for a sixty-day extension of the recommended deadline to file his exhaustion petition in the California Supreme Court. ECF No. 79. Petitioner requests the additional time to complete necessary investigation and to conclude informal discovery efforts. *Id.* at 1–2. First, petitioner notes that the magistrate judge, in recommending a six month filing period, had recognized the importance of allowing Ms. Culshaw the opportunity to identify any additional unexhausted claims. *See* ECF No. 67 at 1–2. Petitioner represents his counsel has identified "additional unexhausted facts and/or claims," but requires additional time to substantiate them. ECF No. 79 at 2; *see* ECF No. 82 at 2.

Second, petitioner contends additional time is needed to conclude informal discovery efforts. ECF No. 79 at 2–3. According to petitioner, petitioner's counsel previously made a similar discovery request to the Colusa County District Attorney's Office in June 2015, but received no response. *Id.* at 2 n.1. Petitioner represents Davis Markss, a private investigator hired by the Colusa County District Attorney's Office, is taking steps to locate additional records. *Id.* at 2–3. Petitioner argues additional investigation and discovery will promote judicial economy by avoiding piecemeal litigation of petitioner's claims before the California Supreme Court and this court. *Id.* at 3; ECF No. 82 at 4.

Respondent opposes the motion for an extension of time, arguing petitioner has not shown good cause for the requested extension. ECF No. 81. Respondent contends petitioner's informal discovery request is not only redundant and unnecessary, but is "abusive," and therefore should not form the basis for any extension of the filing deadline. *Id.* at 2.

Both parties' filings demonstrate that informal discovery is, in fact, proceeding and that it is at least possible additional relevant documents may be located. Although Mr. Markss states in his declaration that he never told Ms. Culshaw any additional documents exist, Markss Decl. ¶ 10, ECF No. 81-1, he also states that he told her he would contact officials in Sacramento and request they conduct a records search for additional discovery. *Id.* ¶¶ 11, 14. On March 21, 2016, Mr. Markss sent petitioner's discovery request to the Sacramento County District Attorney's Office Bureau of Investigation, and they "responded that they will commence a

3

records search of the requested items." *Id.* ¶ 13.  The court finds the requested extension will serve the interests of justice and judicial economy.

Good cause appearing, the court grants petitioner's motion for a sixty-day extension of time.  The court will not grant future requests for an extension of time absent extraordinary circumstances.

III.     CONCLUSION

For the foregoing reasons, the court orders the following:

1. The court adopts the magistrate judge's October 27, 2015 findings and recommendations (ECF No. 67) and GRANTS petitioner's motion for stay and abeyance pending the California Supreme Court's resolution of petitioner's exhaustion petition (ECF No. 53).

2. The court GRANTS petitioner's motion for a sixty-day extension of time (ECF No. 79).  Accordingly, petitioner shall file his exhaustion petition in the California Supreme Court no later than June 24, 2016.  Should petitioner's investigation substantiate the contemplated unexhausted facts and/or claims, petitioner shall move to lift the stay to so advise this court and to request a finding that such facts and/or claims are unexhausted no later than May 13, 2016.  The court will not grant future requests for an extension of time absent extraordinary circumstances.

IT IS SO ORDERED.

DATED:  April 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

4