UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NOBLE KENNEDY, | No. 2:13-cv-02041 KJM KJN DP |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| WARDEN, San Quentin State Prison, | ORDER |
| Respondent. | |

This proceeding is currently stayed pending resolution of petitioner's state exhaustion petition. Petitioner moves to temporarily lift the stay for the purpose of amending his federal petition. For the reasons set forth below, this court grants petitioner's motion.

MOTION TO AMEND

I. Procedural Background

This action is proceeding on the original petition filed January 12, 2015. (ECF No. 45.) On June 4, 2016, petitioner filed a second state habeas petition raising unexhausted claims. In re Kennedy, No. S235415.[1] On April 19, 2016, the district court granted petitioner's request to stay these proceedings pending the state court's resolution of his habeas petition. (ECF No. 83.) The California Supreme Court has not resolved the state petition.

---

[1] **Error! Main Document Only.** The dockets for cases before the California Supreme Court can be found at http://appellatecases.courtinfo.ca.gov/.

1

On May 13, 2016, petitioner filed a request to temporarily lift the stay to identify potentially unexhausted facts and/or claims. On June 3, 2016, the undersigned granted the request and found that petitioner should present the newly-identified evidence to the California Supreme Court. (ECF No. 88.) On March 6, 2017, petitioner filed the present motion in this court to again lift the stay temporarily and for permission to amend the petition with newly-discovered claims and/or facts of prosecutorial misconduct and ineffective assistance of trial and state habeas counsel. (ECF No. 91.) Respondent opposes the motion. (ECF No. 92.) Petitioner filed a reply. (ECF No. 93.)

II. Legal Standards

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12, Rules Governing § 2254 Cases (Federal Rules of Civil Procedure are applicable to federal habeas proceedings "to the extent that they are not inconsistent.") Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "once as a matter of course" either 21 days after service or, if the pleading is "one to which a responsive pleading is required, 21 days after service of the responsive pleading . . . . [¶] In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id.

Rule 15 is not a perfect fit in a federal capital habeas case because a responsive pleading must be ordered by the court and may be filed a great deal of time after the filing of the petition, as will be true in the present case. See Rule 5(a), Rules Governing § 2254 Cases. However, the Ninth Circuit Court of Appeals has looked to Rule 15's standards, and the cases interpreting them, when determining the propriety of a request to amend a capital habeas petition. See In re Morris, 363 F.3d 891 (9th Cir. 2004). The court in Morris described the appropriate considerations:

> Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). We have held that leave to amend, although within the discretion of the trial court, "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or

> pleadings." James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001).
> A district court may, however, take into consideration such factors
> as "bad faith, undue delay, prejudice to the opposing party, futility
> of the amendment, and whether the party has previously amended
> his pleadings." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.
> 1995).

Id. at 894. The "crucial factor" in determining the propriety of a motion to amend is "the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). The court in Howey further noted that denying leave to amend would be an abuse of discretion "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith." Id. at 1190-91.

III. Analysis

Respondent asserts that the court should deny petitioner's request because petitioner was previously granted leave to present only two items of evidence to the state court: letters showing that Ron Woods may have received an alleged benefit as a result of testifying, and documentation that Doreen Westbrook was married to Jimmie Westbrook at the time of trial. Respondent argues that petitioner now attempts to add new subclaims to existing claims, as well as add a new ineffective assistance of state habeas counsel claim. Respondent also contends the court should reject the motion to amend because petitioner failed to present these claims in the manner required by Local Rule 137(c) (amended complaint must be appended to motion). Respondent argues that the new claims petitioner seeks to add are not subject to a stay under Rhines v. Weber, 544 U.S. 269, 277-78 (2005), absent a showing of good cause, and are untimely absent a showing that the new claims relate back to the same conduct transaction or occurrence in the original petition, as required under Mayle v. Felix, 545 U.S. 644 (2005). (ECF No. 92 at 5.)

As noted by petitioner in his reply, respondent does not argue petitioner is acting in bad faith or otherwise attempting to delay these proceedings. More importantly, respondent makes no showing of any sort of prejudice.

Moreover, contrary to respondent's argument, petitioner did include an ineffective assistance of state habeas counsel claim in the original petition. (ECF No. 45 at 632-37.) Further, respondent's assertion that the new claims are untimely because they do not relate back to claims

3

in the original petition is nothing more than that - an assertion.  For purposes of his motion to amend, the undersigned finds that petitioner has adequately shown the proposed additional claims are colorable.

There is no indication petitioner seeks to amend the petition in bad faith or as a dilatory maneuver.  In fact, petitioner has shown his good faith by raising these claims in the California Supreme Court before seeking amendment here.  This court must consider requests to amend "with extreme liberality."  Farnan v. Capistrano Unified School Dist., 654 F.3d 975, 985 (9th Cir. 2011) (internal citations omitted), cert. denied, 132 S. Ct. 1566 (2012).  Based on petitioner's showing that his claims are colorable and respondent's failure to establish the "crucial factor" of prejudice, petitioner's motion to amend is granted.  See Howey, 481 F.2d at 1190.

CONTINUED STAY

The California Supreme Court has not yet addressed the pending state habeas petition.  Thus, it is appropriate for the stay of this case to continue following the issuance of this order.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

1. The April 19, 2016 stay in this case is lifted temporarily to permit consideration of petitioner's motion to amend.

2. Petitioner's motion to amend (ECF No. 91) is granted.

3. Petitioner's request to be relieved of the obligation to file an amended petition immediately is also granted.  Cf. Local Rules 137(c), 220.  Petitioner has attached the proposed new claims to his motion so respondent has notice of the substance of each claim.  After completing exhaustion, petitioner shall incorporate his new claims (ECF No. 91-1) in an amended petition.

4. The court's order and corresponding stay entered on April 19, 2016, shall remain in effect.

Dated:  August 31, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kenn2041.mta

4